ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIRZA BAIG,                          )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )    Civil Action File No.
                                     )
AIRTRAN AIRWAYS, INC.                )    1 03 CV 3247 TWT
                                     )
        Defendant.                   )
                                     )
_____)

## NOTICE OF REMOVAL

TO:  Mirza Baig, *pro se*
     920 Park Breek Circle
     Lawrenceville, GA 30044

PLEASE TAKE NOTICE that Defendant AirTran Airways, Inc., hereby removes the above-styled action, filed on or about September 22, 2003, in the Superior Court of Fulton County, Georgia (Civil Action No. 2003 CV 75493), and served upon Defendant AirTran Airways, Inc., on or about September 26, 2003, to this Court pursuant to 28 U.S.C. § 1441, *et seq.*

This action may be removed because it is one over which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 grants the district courts of the United States jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff alleges in his Complaint claims arising under

42 U.S.C. § 2000e, *et seq.* (commonly referred to as "Title VII"), a "law" of the United States. Removal under 28 U.S.C. § 1441 based on "federal question" jurisdiction is, therefore, proper.

This action may also be removed because it is one over which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 grants the district courts of the United States jurisdiction over civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the parties are citizens of different states. Plaintiff Baig is a citizen and resident of the State of Georgia while Defendant AirTran Airways, Inc., is incorporated under the laws of the State of Delaware. Further, Plaintiff alleges damages of at least $280,000.00, an amount in controversy well over the $75,000.00 threshold required by § 1332. Thus, the requirements of § 1332 are met and removal under 28 U.S.C. § 1441 based on diversity of citizenship is proper.

The instant NOTICE is being filed within thirty (30) days of the first ascertainment that this matter may be removed and less than one year after commencement of the above-styled action. Consequently, copies of all process and pleadings served upon Defendant in the state court action are attached hereto. In

2

addition, Defendant AirTran Airways, Inc., denies all material allegations of wrongdoing as set forth in Plaintiff's Complaint and denies that Plaintiff is entitled to any of the relief sought therein.

WHEREFORE, Defendant AirTran Airways, Inc., requests that this action proceed in this Court as an action properly removed to it.

This ___ day of October, 2003.

Respectfully Submitted,

SMITH, GAMBRELL & RUSSELL

By: _____
'David M. Brown
Georgia Bar No. 086975
Matthew W. Clarke
Georgia Bar No. 127430
Attorneys for AirTran Airways, Inc.

Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 685-7067

3

**SHERIFF'S ENTRY OF SERVICE** 75493

Civil Action No. 2003CV 75493

Date Filed  9-22-03

**SUPERIOR COURT**

**GEORGIA, FULTON COUNTY**

Attorney's address   Pro Se
                     Mirza Baig
                     920 Park Creek Circle
                     Lawrenceville, GA  30044

Name and Address of Party to be Served
Airtran Airways, Inc.
c/o Registered Agent
CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA  30361

Mirza Baig
_____
                        Plaintiff
VS.

Airtran Airways, Inc.
_____
                        Defendant

### SHERIFF'S ENTRY OF SERVICE

I have this day served the defendant _____ personally with a copy

of the within action and summons.

I have this day served the defendant _____ by leaving a copy

of the action and summons at his most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of the
defendant.

Served the defendant   Airtran Airways, Inc. _____ a corporation

by leaving a copy of the within action and summons with   Registered Agent _____

in charge of the office and place of doing business of said Corporation in this County.

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail; First Class
in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon
containing notice to the defendant(s) to answer said summons at the place stated in the summons.

Diligent search made and defendant _____

not to be found in the jurisdiction of this court.

This _____ day of _____ 20____

_____ 1373
                                  **DEPUTY**

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK; CANARY-PLAINTIFF; PINK-DEFENDANT

PERSONAL   ☐

NOTORIOUS   ☐

CORPORATION   ☒

TACK & MAIL   ☐

NON EST   ☐



# CT System

**Service of Process Transmittal Form**
**Atlanta, Georgia**

**09/26/2003**

**Via Check Boxes Below Orginal Sent to:**

**TO:** Richard Magurno General Counsel
AirTran Airways, Inc.
9955 AirTran Boulevard
Orlando, FL 32827

Phone: (407) 251-5581 ex:
FAX: (407) 251-5571

**RE:     PROCESS SERVED IN GEORGIA**

**FOR**       AirTran Airways, Inc. Domestic State: De

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Mirza Baig, Pltf. vs AirTran Airways, Inc., Deft. |
| **2. DOCUMENT(S) SERVED:** | Summons, Complaint. |
| **3. COURT:** | Superior Court, Fulton County, GA<br>Case Number 2003-CV-75492 |
| **4. NATURE OF ACTION:** | Not less than $210,000.00 - Alleged discrimination. |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Atlanta, Georgia |
| **6. DATE AND HOUR OF SERVICE:** | By Process server on 09/26/2003 at 10:45 |
| **7. APPEARANCE OR ANSWER DUE:** | 30 days |
| **8. ATTORNEY(S):** | Mirza Baig, Pro Se<br>920 Park Creek Circle<br>Lawrencville, GA 30044 |
| **9. REMARKS:** | Served by the Sheriff. |

**SIGNED**    CT Corporation System

**PER**    Cindy J. Zidick /LM
**ADDRESS**    1201 Peachtree Street, N.E.
Atlanta, GA 30361
SOP WS 0005727712

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

## IN THE SUPERIOR COURT OF GEORGIA
## FULTON COUNTY

MIRZA BAIG,                              )
                                        )
      Plaintiff,                       )
                                        )
v.                                      )        Civil Action No.:2003-CV-75492
                                        )
AIRTRAN AIRWAYS, INC.,                   )
                                        )
      Defendant.                       )
_____)

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff, whose name and address is:

Mirza Baig
920 Park Creek Circle
Lawrenceville, GA  30044

an answer to the complaint which is herewith served upon you, within 30 days after service of his summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 22nd day of September, 2003.

Juanita Hicks
Clerk of Superior Court

By:_____
Deputy Clerk

To Defendant upon whom this petition is served:

This copy of complaint and Summons was served upon you _____ 2003

_____
Deputy Sheriff

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

MIRZA BAIG,                          )
                                     )
    PLAINTIFF,              )
                                     )
V.                                   )
                                     )
AIRTRAN AIRWAYS, INC.,               )
                                     )
    DEFENDANT.              )
_____)

FILED IN OFFICE

SEP 2 2 2003

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

CIVIL ACTION NO.:

2003- CV - 75492

(JURY TRIAL REQUESTED)

### TITLE VII COMPLAINT

1. Plaintiff Mirza Baig ("Plaintiff Baig") resides at 920 Park Creek Circle, Lawrenceville, Georgia 30044.

2. Defendant Airtran Airways, Inc. ("Defendant Airtran") is a Delaware air carrier corporation with more than 500 employees transacting business in the State of Georgia and who can be served through its registered agent CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction and venue are therefore proper.

4. The acts complained of in this suit concern termination of Plaintiff Baig's employment and a hostile work environment preceding said termination on the basis of Plaintiff Baig's race; religion; and national origin.

5. Plaintiff Baig was employed as an aircraft mechanic with Defendant Airtran from May 18, 2001 until his discharge on December 18, 2002.

6. During his employment, Plaintiff Baig was subjected to derogatory racial and religious comments made by management employees. His work was falsely

criticized in the presence of co-employees. His work was more closely scrutinized than his co-employees' work. And he was pretextually and disparately subjected to counseling about his work performance.

7. On August 26, 2002, Plaintiff Baig filed an internal grievance concerning the harassment he was experiencing and no corrective action was taken.

8. Plaintiff Baig filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on April 15, 2003.

9. Plaintiff Baig received his Notice of Right-to-Sue letter on June 30, 2003.

WHEREFORE, Plaintiff Baig prays for judgment against Defendant Airtran as follows:

(a)    Compensatory damages in an amount to be determined but not to exceed $300,000.00;

(b)    Back pay in an amount to be determined, but not less than $70,000.00 per annum;

(c)    Pre-judgment interest in an amount to be determined, but not less than $4,900.00 per annum;

(d)    Punitive damages in an amount to be determined but not to exceed $300,000.00;

(e)    Front pay in an amount to be determined, but not less than $210,000.00; and

(f)    Costs and reasonable attorneys' fees in an amount to be determined.

2

This 22nd day of September, 2003.

Mirza Baig

920 Park Creek Circle
Lawrenceville, GA  30044
770-921-9995

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIRZA BAIG,<br><br>        Plaintiff,<br><br>vs.<br><br>AIRTRAN AIRWAYS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action<br>) File No. _____<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Matthew W. Clarke, counsel for AirTran Airways, Inc., do hereby certify that I have served all parties with the within and foregoing "Notice of Removal" by mailing the same first class mail, postage prepaid, properly addressed to the following at their last known address:

Mirza Baig
920 Park Creek Circle
Lawrenceville, GA 30044

This __24ᵗʰ__ day of October, 2003.

Matthew W. Clarke
Georgia Bar No. 127430
Attorneys for Defendant
AirTran Airways, Inc.

SMITH, GAMBRELL & RUSSELL
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia  30309-3592
Phone: (404) 815-3500
Facsimile: (404) 685-7067

4

DUPLICATE

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

FILED IN OFFICE
OCT 2 4 2003
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

MIRZA BAIG,                                )
                                           )
                                           )
    Plaintiff,                             )
                                           )
vs.                                        )    Civil Action No.
                                           )
AIRTRAN AIRWAYS, INC.                      )    2003CV75493
                                           )
                                           )
    Defendant.                             )
_____)

## ANSWER

COMES NOW Defendant, AirTran Airways, Inc. (hereinafter "AirTran" or "Defendant") and hereby makes and files its Answer to the Complaint filed by Plaintiff in the above-referenced action, showing this Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may barred in whole or in part due to failure to first exhaust administrative prerequisites to suit.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part for failure timely to proceed with administrative prerequisites to this action and/or by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant did not subject Plaintiff to any form of unlawful or improper discrimination at any time.

### FOURTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent or promptly correct any alleged discriminatory behavior or any type of alleged discrimination within its workplace.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they are neither like nor related to the claims alleged in, or exceed the scope of, the EEOC charge made the basis of this action.

### SIXTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, if any, or other form of discrimination, if any.

### SEVENTH AFFIRMATIVE DEFENSE

By way of further defense, Defendant responds to the specifically numbered paragraphs of Plaintiff's Complaint as follows:

1.

*Defendant is without information or belief sufficient to form a belief as to the truth of the* allegations contained in Paragraph 1 of the Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of the Complaint, but only to the extent that the allegations identify Defendant as a party to this lawsuit. Defendant denies that Plaintiff is entitled to recovery or relief under any of the claims contained in his Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of the Complaint, but only to the extent that the allegations attempt to describe Plaintiff's claims. Defendant denies that Plaintiff is entitled to recovery or relief under the statute cited. Defendant further denies that jurisdiction and venue are proper, as Defendant is this day removing this matter to the United

States District Court for the Northern District of Georgia, Atlanta Division, where jurisdiction and venue will be proper.

4.

Defendant admits the allegations contained in Paragraph 4 of the Complaint, but only to the extent that the allegations attempt to describe Plaintiff's claims. Defendant denies that it violated Title VII or any other law in any manner and denies that Plaintiff is entitled to any recovery or relief on the allegations referenced therein. Specifically, Defendant denies that Plaintiff was at any time subjected to any form of harassment or discrimination by Defendant on the basis of Plaintiff's race, religion or national origin.

5.

Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant admits that Plaintiff filed a work-related grievance. The remaining allegations contained in Paragraph 7 of the Complaint are hereby denied.

8.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant is without information or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

3

10.

Defendant denies each and every allegation, averment, matter, prayer or thing contained in Plaintiff's Complaint not herein specifically admitted or controverted, and further denies that Plaintiff is entitled to any damages or any of the relief prayed for therein.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded its attorneys' fees and costs incurred in this action, and that Defendant have such other and further relief as this court deems just and proper.

This  $\underline{2^{4th}}$  day of October, 2003.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

By: _____

David M. Brown
Georgia Bar No. 086975
Matthew W. Clarke
Georgia Bar No. 127430

Attorneys for Defendant
AirTran Airways, Inc.

Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 685-7067

4

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

MIRZA BAIG,                                )
                                           )
              Plaintiff,                    )
                                           )
vs.                                        )     Civil Action No.
                                           )     2003CV75493
AIRTRAN AIRWAYS, INC.,                     )
                                           )
              Defendant.                    )

## CERTIFICATE OF SERVICE

I, Matthew W. Clarke, counsel for AirTran Airways, Inc., do hereby certify that I have

served all parties with the within and foregoing "Answer" by mailing the same first class mail,

postage prepaid, properly addressed to the following at their last known address:

Mirza Baig
920 Park Creek Circle
Lawrenceville, GA 30044

This 24th day of October, 2003.

Matthew W. Clarke
Georgia Bar No. 127430
Attorneys for Defendant
AirTran Airways, Inc.

SMITH, GAMBRELL & RUSSELL
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia  30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 685-7067

5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MIRZA BAIG,

           Plaintiff,

vs.

AIRTRAN AIRWAYS, INC.,

           Defendant.

CIVIL ACTION FILE

NO. 1:03-cv-03247- **TWT**

## NOTICE OF REFERRAL TO A MAGISTRATE JUDGE

### Title VII Discrimination Action

The above-styled action has been referred to a Magistrate Judge in this District pursuant to Internal Operating Procedure 920-2.  **All** pretrial matters, e.g., discovery, motions, extensions of time, hearings, conferences, etc., will be handled by the Magistrate Judge instead of the District Judge assigned to the case.

It is the responsibility of the party filing this action to provide a copy of this notice with each complaint served upon a defendant.  If the below assignment spaces are not completed, please contact our office at 404-215-1635 for the judicial officers assigned to this action.

**District Judge: Honorable** Thomas W. Thrash Jr.

**Magistrate Judge:  Honorable** Gerrilyn G. Brill

Dated at Atlanta, Georgia, this 24th day of October, 2003.

LUTHER D. THOMAS
CLERK OF COURT

By: _____
       Deputy Clerk